# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:06-CR-00022-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| CARLOS GIBBS, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Carlos Gibbs's pro se Motion to Reduce Sentence Pursuant to the First Step Act 2018. (Doc. No. 1358) ("Motion"). Defendant requests that the Court "enter an amended judgment for immediate release and terminate any supervised release remaining pursuant to the First Step Act." *Id.* at 1. For the reasons set forth below, the Court will deny Defendant's Motion.

## I. RELEVANT BACKGROUND

Defendant pled guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base. (Doc. Nos. 349, 367). The Court accepted the government's U.S.S.G. § 5K1.1 motion for a five-level reduction to an offense level of 26/IV. On March 10, 2008, the Court sentenced Defendant to 120 months imprisonment with 5 years of supervised release. (Doc. No. 662). Defendant served his full term of imprisonment and was released on July 24, 2015. (Doc. No. 1373, at 2). He immediately began a five-year term of supervised release. *Id.*

On September 16, 2019, the United States Probation Office filed a petition for a supervised release violation alleging the following violations: (1) drug/alcohol Use; (2) failure to comply with location monitoring; (3) failure to pay for costs of location monitoring; and (4) failure to comply

1

with mental health treatment requirements. (Doc. No. 1323). Defendant was arrested for these violations on October 3, 2019. On October 22, 2019, Defendant admitted to drug/alcohol use and failure to comply with location monitoring while on supervised release. (Doc. No. 1373, at 2). The remaining violations were dismissed. *Id.* at 3. The Court revoked Defendant's supervised release and sentenced him to 10 months as to each violation to be served concurrently. (Doc. No. 1335). No further term of supervision was imposed. *Id.*

## II.   LEGAL STANDARD

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "50 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-135. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

2

In *Venable v. United States*, 943 F.3d 187 (4th Cir. 2019), the Fourth Circuit considered whether the First Step Act authorized a reduction in a defendant's sentence when "he had completed his original term of imprisonment and was currently in custody following revocation of supervised release." *Id.* at 188. The Fourth Circuit's analysis in *Venable* was guided by the "unitary sentence framework," which recognizes "custodial and supervised release terms as components of one unified sentence." *Id.* at 193-94. Applying that framework, the court concluded that "Venable's revocation sentence is a component of his underlying original sentence for the drug conviction." *Id.* at 194. "[G]iven that Venable's revocation sentence is part of the penalty for his initial offense," the Fourth Circuit held that Venable was "still serving his sentence for a 'covered offense' for purposes of the First Step Act." *Id.* A district court therefore has authority to consider a motion for sentence reduction even when a defendant's original sentence has been completed and the defendant is now serving time of a supervised release violation. *Id.*

## III. DISCUSSION

Here, Defendant's underlying conviction is for a "covered offense" under the First Step Act because he is serving a revocation sentence that is part of the penalty for the initial drug conviction. The fact that this Court has the *authority* to consider Defendant's request to modify his sentence does not end the inquiry—the question remains whether Defendant has demonstrated that he is *entitled* to a reduced sentence under the First Step Act. *See Venable*, 943 F.3d at 194 (distinguishing between the court's holding that a district court had authority to resentence a defendant, and whether the defendant was entitled to the exercise of such authority).

The Court has weighed the relevant § 3553(a) factors in Defendant's case and finds particularly significant the need to promote respect for the law, afford adequate deterrence to criminal conduct, and to protect the public from further crimes of Defendant. To the extent Defendant is requesting

any overserved time on his original custodial sentence be credited to his term for revocation of supervised release, his request is denied. Public policy considerations, like the need to protect the public and the need for deterrence, counsel against the Court allowing this Defendant or other defendants to "bank" time on an original sentence and seek to use that time as a basis for reduced incarceration on a revocation sentence. *See, e.g.*, *Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971) ("[T]he availability of credit against sentences for future crimes would provide a sense of immunity and incentive to engage in criminal conduct."). Also, significantly, Defendant is currently serving a revocation sentence of only 10 months with no term of supervision to follow. The Court found during sentencing for Defendant's revocation of supervised release that a 10-month term of incarceration was sufficient, but not greater than necessary, to accomplish the goals of sentencing in 18 U.S.C. § 3553(a). For these reasons, the Court declines to exercise its discretion under the First Step Act to reduce Defendant's sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to the First Step Act 2018, (Doc. No. 1358), is **DENIED**.

The Clerk is directed to certify copies of this order to Defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: April 3, 2020

Kenneth D. Bell
United States District Judge