# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:06-CR-00022-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **ORDER** |
| CARLOS GIBBS, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* "COVID-19 motion." (Doc. No. 1378). Although it is not entirely clear what relief Defendant is seeking, he appears to be requesting a reduction in his sentence or home confinement due to the COVID-19 pandemic and his underlying health issues.[1] The Court will construe the motion as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020.

Section 603(b) of the First Step Act amended Section 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of the Bureau of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility,

---

[1] Defendant claims that he has "on-going chronic care issues," including "issues with breathing complications" that caused him to use a CPAP machine while under the care of a UNC sleep study doctor. He asserts that since he has been in prison, he has gone "through all the proper measures" and has still not received the treatment he needs. Defendant, however, does not attach any documentation to support his claims that he suffers from respiratory complications or other documentation showing the severity of his conditions.

whichever is earlier. Here, Defendant cannot obtain relief from this Court when he has not first sought it through the warden at his facility. Defendant has not alleged or provided any documentation to show that he has requested such relief from the BOP. Therefore, the Court is without authority to consider the merits of his claim. *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not first seek relief from the BOP).

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat. 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (stating that the district court lacks authority to govern designation of prisoners under Section 3624(c)(2)).

**IT IS THEREFORE ORDERED** that Defendant's "COVID-19 motion," (Doc. No. 1378), is **DENIED** without prejudice.

The Clerk is directed to certify copies of this Order to Defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

**SO ORDERED.**

Signed: May 6, 2020

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge