# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:06-CR-00022-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **ORDER** |
| CARLOS GIBBS, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* letter regarding his motion for compassionate release that was denied by this Court on May 6, 2020. (Doc. No. 1386). The Court will liberally construe the letter as a second motion for compassionate release.

Defendant filed a motion on April 16, 2020, which the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. Nos. 1378, 1381). In his April motion, Defendant asserted that he suffers from sleep apnea and high blood pressure. The Court denied Defendant's motion without prejudice because Defendant had not exhausted his remedies as required under 18 U.S.C. § 3582(c)(1)(A) and because the CARES Act does not give the Court the authority to provide Defendant with the relief he requests.

Defendant now writes the Court asking to "appeal [his] recent response due to having [his] UNC Healthcare medical records obtained and read by the courts." (Doc. No. 1386, at 1). He again claims that he suffers from "severe sleep apnea" and high blood pressure. *Id.* Attached to Defendant's filing is a letter from the warden denying his request for a CPAP machine and a letter from "T. Rakfeldt, Case Manager" informing Defendant that he is ineligible for home

confinement. These two letters were not included in Defendant's prior motion and, as such, the Court will address them here.

Defendant asserts nothing new in this letter than in his motion from April 16, 2020. Under 18 U.S.C. § 3582(c)(1)(A) a court may entertain a motion for compassionate release filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier.

The letter from the warden denying Defendant's request for a CPAP machine is not a denial of a request for compassionate release, and, therefore, is not evidence that Defendant first requested compassionate release from the BOP as required under 18 U.S.C. § 3582(c)(1)(A). Similarly, the letter from a case manager informing Defendant that he is ineligible for home confinement is not evidence that Defendant has fulfilled the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A). Defendant must fully exhaust any administrative rights to appeal a failure of the BOP to bring a compassionate release motion on his behalf or show that he has requested such relief from the warden of his facility and has received no response for 30 days.

Because it appears Defendant has still not exhausted his remedies under Section 3582(c)(1)(A), the Court remains without authority to consider the merits of Defendant's claim. *See United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not first seek relief from BOP).

**IT IS THEREFORE ORDERED** that Defendant's motion (Doc. No. 1386) is **DENIED** without prejudice.

The Clerk is directed to certify copies of this Order to Defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

**SO ORDERED.**

Signed: June 4, 2020

Kenneth D. Bell
United States District Judge